

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,581

### EX PARTE RICARDO ARTURO HERRERA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 93-CR-1553-D IN THE 103RD JUDICIAL DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to sixty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Herrera v. State*, No. 13-96-011-CR (Tex. App. - Corpus Christi, November 6, 1997).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to file petition for discretionary review *pro se.*

Appellate counsel did advise Applicant when the Court of Appeals affirmed his conviction,

and advised him of his right to petition this Court for discretionary review. However, appellate counsel did not advise Applicant of his right to do so *pro se*, and Applicant alleges that the only reason he did not pursue discretionary review was that he could not afford to retain counsel.

The trial court recommends that relief be denied, citing language from this Court's opinion in *Ex parte Wilson*, 956 S.W.2d 25, 27-28 (Tex. Crim. App. 1997), indicating that the appellate attorney's actions in that case, of mailing the applicant a copy of the court of appeals' opinion and informing him that he did not believe that a petition for discretionary review would have merit, were sufficient to protect the applicant's right to file a petition for discretionary review if he so desired. We disagree, because as we also stated in *Ex parte Wilson*, appellate counsel has an obligation to inform a defendant of the fact that he can pursue discretionary review "on his own." *Id. at* 27. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-96-011-CR that affirmed his conviction in Cause No. 93-CR-1553-D from the 103rd Judicial District Court of Cameron County. Applicant shall file his petition for discretionary review with the Thirteenth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: June 22, 2011
Do not publish